ROANE, Judge.
The important question now to be decided is, Whether this Court has jurisdiction of the case now before us? It is an appeal from a judgment of the District Court of Winchester, rendered upon an information against the appellant for bribery in the election of a Clerk in the county of Berkeley. The judgment is, that the appellant is utterly incapable of serving in the office of Clerk for the said county; and that he pays the costs of the prosecution.
The ground I shall take, in delivering this opinion, will equally apply to, and decide certain other cases now pending before us.
' Before I come to a particular examination of the several acts and clauses, relating immediately to this subject, I will make some general observations.
The sense of the Convention, who formed the Constitution, was not, that the Court of Appeals should have jurisdiction in all cases. The Constitution has deposited with the General Court the final jurisdiction on impeachments.
The judgment in such cases to be given against the highest officers of the government, may not only be of perpetual disability to hold any office, but to suffer such pains or penalties as the law shall direct.
This, then, is a high authority, excluding the jurisdiction of the Court of Appeals, in a very penal and important case.
A nearly cotemporaneous Legislature, (in 1777,) pursuing this same principle, deposited with the same Court the final jurisdiction (as it is on all bands confessed,) *in treasons and felonies. It is remarkable also, that the original act constituting the General Court, (as well as the subsequent ones,) after declaring its jurisdiction to be “general over all persons and in all cases, matters and things, at common law,” deemed it necessary to confer a jurisdiction by express words in all “trea-sons, murders, felonies, and other crimes and misdemeanors;” thereby clearly implying, that the jurisdiction over the latter subjects was not conveyed under the former general and extensive expressions.
It is further to be observed, that the Legislature in 1779 excepted even a civil case from the jurisdiction of the Court of Appeals, and made the determination of the General Court upon it final. I mean, in the case of caveats.
The high confidence thus manifested in the tribunal of the General Court, by the founders of our government, and the primeval Legislatures, was not misplaced: That Court was then constituted of five members elected pursuant' to the constitution, not yielding in grade to any other Judges, being co-ordinate with the Judges in Chancery, and forming with them, and the Judges in admiralty, the Court of Appeals; which Court had then no separate and exclusive members.
To a Court thus constituted and confided in, with whom in the last resort, these important and extreme cases of jurisdiction are confessedly deposited, it would seem a natural part of the same system to confide the residuary and inferior classes of criminal jurisprudence.
The tenderness and leaning of our Code in favor of the criminal, the uncontrolable power of the jury to acquit in a criminal case, the pardoning power of the Executive, and the objection to great delays in the execution of the criminal law, fully justify this policy in the Legislature.
*If it be said, that the criminal or party prosecuted, has lost by the reform of ¡the General Court, and establishment of District Courts, in relation to the number of the Judges, it may be answered, that he has gained by certain provisions introduced into the latter system, in respect of a division of a Court, &c. and by the better chance he now has of being tried by a jury of his neighbors.
But, it will hardly be contended for, (under the provisions of the Legislature itself,) that any difference exists between the systems, relative to a right of appeal to this Court; and I presume that the ground now taken would equally have been set up, had the original system never been altered.
The particular expressions in the acts in question, as applying to controversies of a civil nature, are appropriate and clear, as going into the field of criminal jurisdiction they are inapplicable; and gentlemen differ among themselves as to the partition line of jurisdiction.
The terms in the act constituting the Court of Appeals, “If the matter in controversy be equal in value, &c.” are clearly relative to the subject of a civil proceeding; and the provision relative to 1 ‘franchise or freehold,” is only meant to dispense with any standard of valuation as to them, on account of their dignity or nature, and not to make any departure from the system of the act, so as in respect of them, to tolerate a criminal proceeding in which they may be involved.
By the same act we are referred to the *575 District Court act on the subject in question: The terms whereof are “any person, &c. shall think himself aggrieved, &c. in any action, suit or contest whatever, &c. he shall be permitted to appeal, &c.”
These words, (if standing alone,) are not more strong than the general words conferring a jurisdiction *in the General Court law of 1777, before noticed, (and which are kept up in the District Court law;) and we have a Legislative exposition, that they are not adequate to confer a criminal jurisdiction, arising from the insertion of the other words thereafter added.
But, these words do not stand single. The subjoined terms “debt or damages,” “recovered or claimed, shall be of the value, &c. ” all strictly apply to cases of a civil nature, and are inconsistent with those of a criminal nature.
I might go on and pursue other passages of the laws corroborating this idea; especially those relating to the bonds to be given on appeal, &c. But, this having been satisfactorily done by the appellee’s counsel, I will merely declare my concurrence in their criticism.
This, then, is the true criterion, that wherever the direct object of the proceedings is the discussion and decision upon a civil right, (whatever may be the form of the proceeding) an appeal may be taken. Por example, some informations may be included under this distinction, such as in-formations in the nature of qui tarn actions for penalties, which (in common with actions of debt,) lie for penalties, &c. ; and all other kinds of proceeding, whatever may be their form, the direct object of which is to assert a right of a civil nature, and which are deemed proceedings of a civil nature.
But, the prosecution now before us is instituted against the defendant upon the ground of crime; and the incapacity' to hold the office now in question, is the punishment prescribed therefor.
In 4 Black. Com. 390, forfeiture is considered as merely an incident of punishment ; nor can the spirit of the general principle be evaded, by pointing the judgment, as in this case, against the future tenure of the very office, in acquiring which the crime was committed.
*One of the appellant’s counsel took in terms the true criterion of jurisdiction ; but his application of it to this case was erroneous. He supposed, that that which was merely an incident to the judgment may be considered as the direct object of the proceeding.
Another of those gentlemen took another ground, another criterion of jurisdiction, which certainly cannot be subscribed to. He supposed the true rule to be furnished by the act concerning bail. That in those cases which are bailable, as not affecting life or limb, we have a jurisdiction; but, in the higher offences, otherwise. I presume he spoke, and I now speak, without a reference to the new criminal system. His criterion would have this consequence, it would let in the lesser felonies, such as petit larceny, &c. whilst it excluded the greater. The punishment against petit larceny, for instance, does not go to life or limb; it is, therefore, bailable under that act; and it is a felony as it incurred a total forfeiture of lands and goods. Yet, the nature of the crime is precisely the same with grand larceny, and it is equally a felony: There is no distinction, but in the punishment.
Without adverting to the improbability of a system, which would enter upon a large field of jurisdiction, and shew a greater regard to the liberty, than the life of the offender, we can find no reason justifying such a discrimination as that between the two species of larceny, and letting in some crimes of precisely the same nature in exclusion of others. I believe no Legislature ever proceeded upon such a principle.
Such is my opinion upon this question after a full consideration. In two of the reported cases, (and perhaps in others.) a jurisdiction was entertained in opposition to the principles now declared; but the objection was not taken. Those cases passed as to this point, sub silentio; and the ^general principle implying a jurisdiction in the Supreme Court of the Commonwealth obscured, in the distant view of the Court, that result which now clearly emerges from a particular examination of our statutory system.
I am, therefore, of opinion, that the appeal should be dismissed.
RL13MING, Judge.
The act of Assembly is the foundation of the jurisdiction of this Court; and that confines it to cases of a civil nature altogether. The words, “if the matter in controversy be equal to one hundred dollars,” clearly shew that civil cases only were intended to be referred to the determination of this Court; for, if it was meant to include those of crime, it is very difficult to conceive why it should have been left to mere construction, without any positive declaration to that effect. There can be no ground for the distinction between higher and lower offences: Both must be the subject of appeal, or neither; and, therefore, when the appellant’s counsel admit, that the Court has not jurisdiction over the higher, they, in effect, admit, that it has not over the other. I am, consequently, of opinion, that the appeal was improperly granted, and that it ought to be dismissed.
CARRINGTON, Judge.
The jurisdiction of this Court is derived from the act of Assembly; and it can exercise no authority, but what that gives. By the second section of the act constituting the Court of Appeals, the jurisdiction is declared to extend to cases provided for by the Constitution; to suits originating there, or adjourned thither for trial by any statute; to cases depending therein at the time of passing the act; and to appeals, writs of error, or supersedeas, to reverse decrees of the High Court of Chancery, judgments of the General Court, or District Courts, if the matters in controversy be equal in value, exclusive of costs, to one hundred dollars in the District ^Courts, or one hundred and fifty in the General Court, or High Court of Chancery, or be a freehold, or franchise. None of which descriptions is applicable to *576 the present case: for, it is not a case arising under the Constitution; nor did it originate here, nor has it been adjourned hither by any statute; nor was it depending here when the act passed; nor is it of one hundred dollars value; nor such a dispute about a freehold, or franchise, as was contemplated by the act; which, from the whole complexion of it, meant to exclude every kind of criminal jurisdiction, created by the Legislature, and to confine the Court to the examination of controversies of a civil nature altogether. And the only reason for inserting the words freehold and franchise, was, the apprehension, that unless mentioned, thej' 'might not be thought included within the powers given the Court: Of course, as the act is the sole basis of our authority, and that, so far from giving a criminal jurisdiction, has cautiously avoided it, I am of opinion that the appeal should not have been allowed, and that it ought now to be dismissed.
LYONS, Judge.
I am of opinion, that this Court has no criminal jurisdiction, except in special cases provided by law. I was of that opinion upon a former occasion, and I continue of that opinion still: For, the act of Assembly mentions subjects of a civil nature only, and does not, even by inference, extend to those of crime. The words, “if the matter in controversy be equal in value, exclusive of costs, to one hundred dollars in the District Courts, or one hundred and fifty in the General Court, or'High Court of Chancery,” are decisive, as they, necessarily, relate to civil causes only: For, the expression, “equal in value,” can apply to nothing else. Nor do the words, freehold or franchise, embrace the present appeál; because, they still relate to controversies of a civil nature concerning them: that is to say, where a civil action, and not a criminal prosecution, *is brought. But here, not only is the process of the criminal kind, but the very point charged and put in issue is, Whether a crime has been committed or not? So that the judgment is, that the defendant has done a criminal thing, and the loss of office is but the consequence of it. Then, as the act of Assembly has confined the jurisdiction of the Court to civil cases, unless in those specially provided for under the Constitution, or particular statutes, it follows, necessarily, that the Court cannot assume it in the present casé; and, therefore, that the appeal ought to be dismissed.